**ORAL ARGUMENT NOT YET SCHEDULED**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

Case Nos. 24-1270, 24-1282, 24-1283, 24-1285, 24-1372, 25-1007, and 25-1023 (consolidated)

CITY UTILITIES OF SPRINGFIELD MISSOURI, ET AL.,
*Petitioners*,

v.

FEDERAL ENERGY REGULATORY COMMISSION,
*Respondent.*

On Petition For Review Of Agency Action By The
Federal Energy Regulatory Commission

## NONBINDING STATEMENT OF ISSUES OF PETITIONERS AMERICAN ELECTRIC POWER SERVICE CORPORATION, XCEL ENERGY SERVICES INC., AND OKLAHOMA GAS AND ELECTRIC COMPANY

Pursuant to this Court's Orders entered on August 26, 2024, and September 3, 2024, American Electric Power Service Corporation, on behalf of its affiliates Southwestern Electric Power Company and Public Service Company of Oklahoma, and Xcel Energy Services Inc., on behalf of Southwestern Public Service Company, Petitioners in Case Nos. 24-1285 and 24-1372, and Oklahoma Gas and Electric Company, Petitioner in Case Nos. 24-1283 and 25-1007, submit this preliminary, nonbinding statement of issues:

1. Whether the Federal Energy Regulatory Commission ("FERC" or "Commission") decision to change the cost allocation for certain electric transmission facilities in the Southwest Power Pool, Inc. ("SPP") region and exempt them from the prevailing approved cost allocation scheme was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706 (2018).

2. Whether FERC failed to reach a reasoned decision supported by substantial evidence by accepting a repackaged version of a previously denied waiver application. *See* 5 U.S.C. § 706 (2018); *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) ("*State Farm*") (an agency "must examine the relevant data and articulate a satisfactory explanation for its action 'including a rational connection between the facts found and the choices made'") (citation omitted).

3. Whether the Commission erred by misapplying the "roughly commensurate" rule and by failing to engage in reasoned decision-making based on substantial evidence when it did not conduct the necessary analysis to confirm SPP's new cost allocation exceptions satisfy the cost causation principle. *See, e.g.*, *Consolidated Edison Co. of N.Y.,*

*Inc. v. FERC*, 45 F.4th 265, 282 (D.C. Cir. 2022) ("The cost causation principle requires 'comparing the costs assessed against a party to the burdens imposed or benefits drawn by that party.'") (quoting *Midwest ISO Transmission Owners v. FERC*, 373 F.3d 1361, 1368 (D.C. Cir. 2004)); *Pub. Serv. Elec. & Gas Co. v. FERC*, 989 F.3d 10, 13-14 (D.C. Cir. 2021).

4. Whether the Commission erred by accepting a proposal unsupported by substantial evidence on the basis that it would produce just and reasonable results. *See* 5 U.S.C. § 706; *State Farm*, 463 U.S. at 43 (explaining that an agency may not "fail[] to consider an important aspect of the problem").

5. Whether the Commission erred by reversing its cost allocation precedent and precedent concerning the SPP "Highway/Byway" cost allocation framework without adequate explanation or factual support. *W. Deptford Energy, LLC v. FERC*, 766 F.3d 10, 20 (D.C. Cir. 2014) ("It is textbook administrative law that an agency must provide a reasoned explanation for departing from precedent or treating similar situations differently.") (cleaned up); *MISO Transmission Owners v. FERC*, 45 F.4th 248, 264 (D.C. Cir. 2022).

6. Whether the Commission erred by accepting a proposal that is unduly discriminatory and preferential in favor of one SPP pricing zone and to the detriment of the other SPP zones. *See* 16 U.S.C. § 824d(a).

Dated: February 14, 2025

                                              Respectfully Submitted,

| | |
|---|---|
| | */s/ Christopher R. Jones* |
| C. Dixon Wallace III | Christopher R. Jones |
| TROUTMAN PEPPER | *Counsel of Record* |
| LOCKE LLP | S. Jennifer Panahi |
| 1001 Haxall Point, Suite 1500 | TROUTMAN PEPPER |
| Richmond, VA 23219 | LOCKE LLP |
| (804) 697-2279 | 401 9th Street NW, Suite 1000 |
| dixon.wallace@troutman.com | Washington, DC 20004 |
| | (202) 662-2181 |
| | chris.jones@troutman.com |
| | jennifer.panahi@troutman.com |

*Counsel for American Electric Power Service Corporation, on behalf of Southwestern Electric Power Company and Public Service Company of Oklahoma, and Xcel Energy Services Inc., on behalf of Southwestern Public Service Co.*

Timothy T. Mastrogiacomo
Vice President, Federal Regulatory, Legal, and Policy
XCEL ENERGY SERVICES INC.
701 Pennsylvania Ave. NW
Ste. 250
Washington, DC 20006
(202) 661-4481
tim.t.mastrogiacomo@xcelenergy.com

*Counsel for Xcel Energy Services Inc., on behalf of Southwestern Public Service Co.*

Charlotte H. Taylor
James C. Beh
Timothy Bradley
JONES DAY
51 Louisiana Avenue. NW
Washington, DC 20001
(202) 879-3939
ctaylor@jonesday.com

*Counsel for Oklahoma Gas & Electric Company*

Carrie L. Bumgarner
Senior Counsel
AMERICAN ELECTRIC POWER SERVICE CORPORATION
1 Riverside Plaza
Columbus, OH 43215
(614) 716-2941
clbumgarner@aep.com

*Counsel for American Electric Power Service Corporation, on behalf of Southwestern Electric Power Company and Public Service Company of Oklahoma*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of February, 2025, I filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users.

Dated: February 14, 2025

*/s/ C. Dixon Wallace III*
C. Dixon Wallace III
TROUTMAN PEPPER
LOCKE LLP
1001 Haxall Point, Suite 1500
Richmond, VA 23219
(804) 697-2279
dixon.wallace@troutman.com